## N. L. Curry Grocery Company v. Chinn Mineral Company, et al.

(Decided October 14, 1927.)

Appeal from Mercer Circuit Court.

Attachment.—Where one plaintiff brought action against the defendant to subject certain real estate to sale for the satisfaction of bonds; another brought action seeking to collect an account and acquired a lien on certain personal property by attachment; while a third sued defendant, asserting a labor lien by virtue of Ky. Stats., sec. 2487, the latter lien, being the superior lien on defendant's property, should have been satisfied pro rata out of the real estate and attached personal property proceeds.

E. H. GAITHER for appellant.

C. E. RANKIN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The Guaranty Bank & Trust Company, as trustee for the holders of bonds aggregating $100,000 and interest, began this action in the Mercer circuit court against the Chinn Mineral Company, to subject to sale for the satisfaction of those bonds certain property belonging to the mineral company. It was sold, and $24,000 realized therefrom. The Curry Grocery Company began an action against the Chinn Mineral Company, seeking to collect an account for $582.07 due it from the mineral company and it, by attachment, acquired a lien on certain personal property of the mineral company, which has been sold, and a few hundred dollars have been realized from the sale.

H. G. Schroder sued the Chinn Mineral Company and asserted a labor lien under section 2487, Kentucky Statutes, which lien, of course, was a first and superior lien, not only on the property mortgaged to secure the bonds, but also on the property covered by the attachment of the Curry Grocery Company. The actions were consolidated, and the court ordered this Schroder lien paid out of the proceeds of the attached personal property. That was erroneous. There was in the hands of the commissioner $24,000, realized from the sale of the real estate upon which the trustee had a lien. The commissioner also held $530, realized from the sale of certain personal property, upon which the Curry Grocery Com-

pany had a lien. The commissioner had in his hands $265.50, realized from the sale of other personal property, and upon which there was no lien to anyone but Schroder. There was also a lien for $648.99, asserted by Schroder for labor, which covered all this property of every kind. If it were not for the lien of the trustee on the real estate, the Curry Grocery Company would have a right to have the Schroder lien paid out of the real estate; and if it were not for the lien of the Curry Grocery Company upon the personal property, the trustee would have the right to require the personal property to be used to pay the Schroder lien before any part of the proceeds of the real estate was taken for that purpose; but as the lien of the trustee on the real estate and the lien of the Curry Grocery Company on this $530 arising from the sale of attached personal property are of equal dignity, in adjusting the equities between these parties, the court should have required the $265.50, which was in lien to no one except Schroder, to be first applied upon the costs, and what was left should be paid upon the Schroder claim, and the balance of the Schroder claim should then be divided, and paid pro rata out of the $24,000 arising from the sale of the real estate and the $530 arising from the sale of the attached personal property. See Bronaugh v. Burley Tobacco Co., 212 Ky. 680, 280 S. W. 97.

There is some complaint about the taxes, but as we cannot, from the record before us, determine just what the trial court did relative to the taxes, we express no opinion on that subject.

The judgment is reversed, with directions to enter a judgment as indicated.